## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD BENNINGS and LATISHA FOWLER: as CO-ADMINISTRATORS of the ESTATE OF : KAHSEEM G. BENNINGS : 1959 W. SPENCER AVE : PHILADELPHIA, PA 19141 : **Plaintiff,** : : | **CIVIL ACTION No.** |
| V. : : | **JURY DEMANDED** |
| CITY OF PHILADELPHIA : 1515 ARCH STREET : PHILADELPHIA, PA 19102 : : | |
| JOHN/JANE DOE PHILADELPHIA POLICE : OFFICERS 1–10 : 1515 ARCH STREET : PHILADELPHIA, PA 19102 : : | |
| And, : : | |
| JOHN/JANE DOE SUPERVISORS 1 -5 : 1515 ARCH STREET : PHILADELPHIA, PA 10102 : **Defendants.** : | |

## COMPLAINT
## INTRODUCTION

1.      This is a civil rights, wrongful death, and survival action arising from a fatal motor vehicle collision that occurred during a Philadelphia Police Department vehicular pursuit on March 9, 2026, in Philadelphia, Pennsylvania.

2.      Decedent Kahseem Bennings was a passenger in the vehicle being pursued by Philadelphia police officers.

3.      Plaintiffs allege that members of the Philadelphia Police Department conducted the pursuit in violation of established safety requirements and Department directives and, after the fatal

1

collision occurred, failed to stop, render aid, preserve evidence, or identify themselves as involved officers.

4.   Plaintiffs further allege that the conduct at issue was not an isolated incident, but rather the foreseeable result of longstanding customs, practices, failures of supervision, failures of discipline, and deliberate indifference maintained by the City of Philadelphia regarding police pursuits, police vehicle operations, and officer accountability.

5.   As a direct and proximate result of Defendant's conduct, Decedent Bennings suffered fatal injuries, and Plaintiffs sustained the losses recoverable under federal and Pennsylvania law.

## JURISDICTION AND VENUE

6.   This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

7.   This Court has original jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 because this action presents federal questions and seeks redress for the deprivation of rights secured by the Constitution and laws of the United States.

8.   This Court has supplemental jurisdiction over Plaintiffs' state-law claims, including claims brought pursuant to Pennsylvania's Wrongful Death Act, 42 Pa. Cons. Stat. § 8301, and Survival Act, 42 Pa. Cons. Stat. § 8302, pursuant to 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts as Plaintiff's federal claims.

9.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within the Eastern District of Pennsylvania.

10.     Venue is further proper because the City of Philadelphia is located within this District and the acts and omissions complained of herein occurred within the City of Philadelphia, Pennsylvania.

11.     At all times relevant hereto, the individual Defendant officers acted under color of the statutes, ordinances, regulations, customs, policies, and usages of the Commonwealth of Pennsylvania, the City of Philadelphia, and the Philadelphia Police Department.

12.     At all times relevant hereto, the individual Defendant officers were acting within the course and scope of their employment, agency, and/or official duties as members of the Philadelphia Police Department.

## PARTIES

13.     Plaintiff Gerald Bennings is an adult individual residing at 24 Green Street, Lancaster, PA 17602 and is a duly appointed Co-Administrator of the Estate of Kahseem Bennings, deceased.

14.     Plaintiff Latisha Fowler is an adult individual residing at 1959 W. Spencer Ave, Philadelphia, PA 19141 and is a duly appointed Co-Administrator of the Estate of Kahseem Bennings, deceased.

15.     Plaintiffs bring this action in their capacities as Co-Administrators of the Estate of Kahseem Bennings, deceased, and on behalf of all persons entitled to recover under Pennsylvania's Wrongful Death Act and Survival Act.

16.     Decedent, Kahseem Bennings, died on or about March 9, 2026, as a result of the injuries described herein.

17.     Defendant City of Philadelphia ("City") is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

18.    At all relevant times, the City of Philadelphia acted through its departments, agencies, policymakers, supervisors, employees, and agents, including members of the Philadelphia Police Department.

19.    At all relevant times, the City of Philadelphia was responsible for establishing, implementing, supervising, monitoring, and enforcing policies, customs, practices, and procedures governing police pursuits, police vehicle operations, officer accountability, collision reporting, and officer discipline.

20.    Defendants John and Jane Doe Police Officers 1-10 were, at all relevant times, sworn members of the Philadelphia Police Department whose identities are presently unknown to Plaintiff despite reasonable investigation.

21.    Defendants John and Jane Doe Police Officers 1-10 participated in, supervised, authorized, monitored, approved, continued, and/or otherwise were involved in the vehicular pursuit described herein.

22.    Defendants John and Jane Doe Police Officers 1-10 acted under color of state law and within the course and scope of their employment as members of the Philadelphia Police Department.

23.    Plaintiff will seek leave to amend this Complaint to substitute the true names of Defendants John and Jane Doe Police Officers 1-10 when their identities are ascertained through discovery.

24.    Defendants John and Jane Doe Supervisors 1-5 were, at all relevant times, supervisory officers employed by the Philadelphia Police Department whose identities are presently unknown to Plaintiff despite reasonable investigation.

25.    Defendants John and Jane Doe Supervisors 1-5 were responsible for supervising, monitoring, reviewing, approving, investigating, documenting, and/or disciplining officers engaged in pursuit-related activities.

26.    Defendants John and Jane Doe Supervisors 1-5 acted under color of state law and within the course and scope of their employment as members of the Philadelphia Police Department.

27.    Plaintiff will seek leave to amend this Complaint to substitute the true names of Defendants John and Jane Doe Supervisors 1-5 when their identities are ascertained through discovery.

## **FACTUAL ALLEGATIONS**

28.    On or about March 9, 2026, Decedent Kasheem Bennings was a passenger in a motor vehicle traveling within the City of Philadelphia.

29.    At approximately the same time, members of the Philadelphia Police Department attempted to stop the vehicle in which Kahseem Bennings was a passenger.

30.    Rather than stop, the driver of the vehicle fled.

31.    Philadelphia police officers thereafter initiated and/or continued a vehicular pursuit of the vehicle through public roadways within the City of Philadelphia.

32.    Upon information and belief, the pursuing officers activated emergency lights during the pursuit.

33.    Upon information and belief, the pursuing officers failed to activate sirens during all or part of the pursuit.

34.    The pursuit proceeded through public streets within the City of Philadelphia at a high rate of speed.

35. The pursuing officers knew or should have known that a high-speed pursuit through public streets created a substantial and foreseeable risk of serious bodily injury or death to the occupants of the pursued vehicle, other motorists, pedestrians, and members of the public.

36. At all relevant times, Kahseem Bennings was a passenger and exercised no control over the operation of the vehicle.

37. During the course of the pursuit, the vehicle in which Kahseem Bennings was a passenger became involved in a violent collision.

38. As a direct and foreseeable result of the collision, Kahseem Bennings suffered catastrophic injuries.

39. Kahseem Bennings subsequently died as a result of those injuries.

40. Upon information and belief, the pursuing officers observed, or reasonably should have observed, the collision and its immediate aftermath.

41. A witness to the incident observed the pursuit immediately before the collision.

42. The witness observed Philadelphia police vehicles actively pursuing the vehicle in which Decedent was a passenger immediately before the collision occurred.

43. The witness further observed the pursuing police vehicles leave the area immediately after the collision.

44. Upon information and belief, the pursuing officers did not stop to render aid to Kahseem Bennings.

45. Upon information and belief, the pursuing officers did not stop to render aid to other individuals involved in the collision.

46. Upon information and belief, the pursuing officers did not stop to secure the scene.

47. Upon information and belief, the pursuing officers did not stop to preserve evidence relating to the collision.

48. Upon information and belief, the pursuing officers did not identify themselves as officers involved in the pursuit that preceded the collision.

49. Upon information and belief, the pursuing officers failed to provide information concerning their involvement in the pursuit to the individuals involved in the collision.

50. Upon information and belief, the pursuing officers continued from the area without undertaking the duties ordinarily required of officers involved in or witnessing a fatal collision.

51. Plaintiffs have sought information concerning the pursuit, including records relating to any investigation, review, reporting, supervisory approval, disciplinary proceedings, or other documentation concerning the incident.

52. To date, Plaintiffs have not received information sufficient to determine whether the pursuit was properly documented, reported, reviewed, investigated, or otherwise addressed in accordance with Philadelphia Police Department policies and procedures.

53. Much of the information concerning the pursuit, the officers involved, any supervisory review, any investigation, and any departmental response remains exclusively within the possession, custody, and control of Defendants.

54. At all relevant times, the City of Philadelphia, acting through the Philadelphia Police Department, maintained policies, directives, customs, practices, and procedures governing vehicular pursuits, vehicular accidents, emergency vehicle operations, reporting requirements, supervisory oversight, and officer accountability.

55.     Among those directives were Philadelphia Police Department Directive 9.4 governing vehicular pursuits, Directive 9.6 governing vehicular accidents, and Directive 9.7 governing the safe operation of police vehicles.

56.     Those directives recognized the substantial and foreseeable risks associated with police pursuits and emergency vehicle operations and required officers and supervisors to comply with specified safety, reporting, documentation, review, and accountability requirements.

57.     The City of Philadelphia knew that vehicular pursuits pose a significant risk of serious bodily injury and death to vehicle occupants, motorists, pedestrians, and members of the public.

58.     The City further knew that meaningful supervision, documentation, investigation, and review of pursuit activity were necessary to ensure compliance with Department directives and to protect public safety.

59.     Despite maintaining written directives concerning pursuits and police vehicle operations, the City of Philadelphia maintained customs, practices, and usages of failing to adequately supervise, monitor, audit, investigate, and discipline officers engaged in pursuit-related misconduct.

60.     Upon information and belief, officers who violated pursuit-related directives were frequently not subjected to meaningful discipline, corrective action, or accountability measures.

61.     Upon information and belief, the City failed to adequately monitor compliance with pursuit-related policies and failed to ensure that violations of those policies were consistently identified, investigated, and addressed.

62.     Prior to the events giving rise to this action, policymakers within the City of Philadelphia were aware of recurring concerns regarding police vehicle crashes, pursuit-related incidents,

officer misconduct during pursuits, and deficiencies in accountability mechanisms relating to police vehicle operations.

63. Public reporting and prior incidents placed policymakers on notice that deficiencies existed regarding pursuit oversight, officer accountability, and enforcement of pursuit-related directives.

64. Despite such notice, the City failed to implement adequate corrective measures designed to ensure compliance with pursuit policies and safe vehicle operation requirements.

65. Upon information and belief, at the time of the incident, Philadelphia Police Department vehicles were equipped with in-vehicle recording systems capable of documenting police activity and vehicle operations.

66. Upon information and belief, Philadelphia police officers were able to activate emergency lights without activating sirens during certain vehicle operations and pursuits.

67. Upon information and belief, the use of emergency lights without activating sirens occurred with sufficient frequency that policymakers knew or should have known of the practice and the accountability concerns associated with it.

68. Upon information and belief, the City failed to implement adequate safeguards to prevent officers from conducting pursuits without activating all required emergency equipment and without creating a complete record of their conduct.

69. Upon information and belief, following the incident at issue, the City modified or eliminated the ability of officers to engage in certain emergency vehicle operations utilizing emergency lights without corresponding activation of sirens and related recording functions.

70. The City knew or should have known that the failure to adequately supervise, monitor, investigate, document, and discipline pursuit-related misconduct would predictably result in constitutional violations, serious bodily injury, and death.

71.    Upon information and belief, the customs, practices, failures to supervise, failures to investigate, failures to discipline, and deliberate indifference described herein existed prior to the incident involving Kahseem Bennings and were known to policymakers responsible for establishing and implementing Philadelphia Police Department policies.

72.    The conduct of the pursuing officers, including the pursuit itself, the failure to activate sirens, the failure to create or preserve a complete record of the pursuit, the failure to stop following the collision, the failure to render aid, and the failure to ensure proper investigation and accountability, was caused by and undertaken pursuant to the customs, practices, and deliberate indifference of the City of Philadelphia described herein.

## CLAIMS
### COUNT I – FOURTEENTH AMENDMENT
### STATE CREATED DANGER
### (42 U.S.C. § 1983)
### *(Against Officer Does and Supervisor Does)*

73.    Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

74.    At all relevant times, Defendants John and Jane Doe Police Officers 1-10 and John and Jane Doe Supervisors 1-5 acted under color of state law.

75.    The Fourteenth Amendment protects individuals from governmental conduct that affirmatively creates or increases a danger that would not otherwise have existed.

76.    Defendants affirmatively exercised their authority by initiating, authorizing, participating in, and/or continuing the vehicular pursuit described herein.

77.    Upon information and belief, Defendants John and Jane Doe Police Officers 1 – 10 conducted the pursuit with emergency lights activated but without activating sirens during all or part of the pursuit.

78.    Upon information and belief, John and Jane Doe Supervisors 1-5 were responsible for supervising, monitoring, authorizing, reviewing, and/or directing the pursuit described herein.

79.    Upon information and belief, the supervisory defendants knew of, authorized, acquiesced in, approved, or failed to intervene in the pursuit despite the obvious risks posed by the conduct described herein.

80.    Upon information and belief, the supervisory defendants failed to take reasonable measures to terminate, control, investigate, or otherwise address the pursuit and the conduct of the pursuing officers.

81.    The supervisory defendants' actions and omissions directly contributed to the constitutional violations suffered by Kahseem Bennings.

82.    Defendants continued the pursuit through public streets at a high rate of speed despite the obvious and substantial risk of serious bodily injury or death to occupants of the pursued vehicle and other members of the public.

83.    Defendants knew or should have known that the pursuit created a foreseeable and fairly direct risk of catastrophic injury or death.

84.    The risk created by Defendants' conduct was foreseeable and obvious.

85.    Kahseem Bennings, as a passenger in the pursued vehicle, was a foreseeable victim of Defendants' conduct.

86.    Following the collision, Defendants failed to stop, render aid, secure the scene, preserve evidence, identify themselves as involved officers, or otherwise discharge their duties as police officers.

87.    Defendants' actions and omissions demonstrated deliberate indifference and conscious disregard for the safety and constitutional rights of Kahseem Bennings.

88.    The conduct of Defendants shocks the conscience and constitutes a violation of rights secured by the Fourteenth Amendment to the United States Constitution.

89.    As a direct and proximate result of Defendants' conduct, Decedent suffered severe injuries resulting in death.

90.    Plaintiff is entitled to recover damages pursuant to 42 U.S.C. § 1983.

### COUNT II – 42 U.S.C. § 1983 (Monell Liability)
*(Against the City of Philadelphia)*

91.    Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

92.    At all relevant times, Defendant City of Philadelphia was responsible for establishing, implementing, supervising, monitoring, and enforcing policies, customs, practices, and procedures governing police pursuits, emergency vehicle operations, collision investigations, reporting requirements, officer accountability, and disciplinary review.

93.    The constitutional violations suffered by Kahseem Bennings were caused by the policies, customs, practices, failures to supervise, failures to investigate, failures to discipline, and deliberate indifference of Defendant City of Philadelphia.

94.    Prior to the events giving rise to this action, the City knew that police pursuits created an obvious and substantial risk of serious bodily injury and death to vehicle occupants, motorists, pedestrians, and members of the public.

95.    The City further knew that meaningful supervision, documentation, investigation, review, and accountability mechanisms were necessary to ensure compliance with pursuit-related directives and to protect public safety.

96.    Despite such knowledge, the City maintained customs, practices, and usages that permitted pursuit-related misconduct to occur without adequate oversight, accountability, or discipline.

97. At all relevant times, the City maintained written directives governing vehicular pursuits, vehicular accidents, and the safe operation of police vehicles, including but not limited to Philadelphia Police Department Directives 9.4, 9.6, and 9.7.

98. Despite maintaining such directives, the City maintained customs and practices of failing to ensure compliance with those directives and failing to adequately investigate, monitor, audit, supervise, and discipline officers who violated them.

### A. Failure to Supervise and Monitor Pursuit Activity

99. The City maintained a custom, practice, and usage of failing to adequately supervise officers engaged in vehicular pursuits.

100. Upon information and belief, the City failed to adequately monitor pursuit activity, ensure compliance with pursuit-related directives, and identify officers who engaged in dangerous or unauthorized pursuit conduct.

101. Upon information and belief, policymakers were aware of recurring pursuit-related incidents and accountability deficiencies yet failed to implement adequate corrective measures.

### B. Failure to Investigate and Discipline Pursuit Misconduct

102. The City maintained a custom, practice, and usage of failing to adequately investigate allegations of pursuit-related misconduct.

103. Upon information and belief, the City routinely failed to impose meaningful discipline upon officers who violated pursuit directives, vehicle-operation requirements, reporting requirements, or other policies governing pursuit activity.

104. Upon information and belief, the City failed to adequately investigate pursuit-related incidents involving collisions, serious bodily injury, fatalities, failures to activate emergency equipment, failures to document pursuit activity, and failures to comply with post-collision duties.

105.    Such failures communicated to officers that violations of pursuit-related directives would not result in meaningful accountability.

### C. Failure to Enforce Reporting, Documentation, and Accountability Requirements

106.    The City maintained a custom, practice, and usage of failing to ensure compliance with reporting, documentation, review, and accountability requirements applicable to police pursuits and pursuit-related collisions.

107.    Upon information and belief, deficiencies existed in the City's systems for documenting, reviewing, tracking, auditing, and investigating pursuit activity.

108.    Upon information and belief, the City failed to adequately ensure that pursuit activity was properly reported, reviewed by supervisors, documented, and subjected to meaningful oversight.

109.    Upon information and belief, the City knew or should have known that such deficiencies impaired accountability and increased the likelihood of unconstitutional conduct.

### D. Failure to Enforce Safe Vehicle Operation Requirements

110.    The City maintained a custom, practice, and usage of failing to adequately enforce policies governing the safe operation of police vehicles during emergency responses and pursuits.

111.    Upon information and belief, the City failed to adequately supervise, monitor, and discipline officers who operated police vehicles in violation of Department directives and established safety requirements.

112.    Upon information and belief, the City failed to adequately ensure compliance with requirements governing the activation of emergency equipment during pursuit activity.

### E. Deliberate Indifference

113.    Prior to the events giving rise to this action, policymakers within the City of Philadelphia knew or should have known that the customs, practices, and deficiencies described herein created

an obvious and substantial risk that officers would engage in dangerous pursuit-related conduct, fail to comply with pursuit directives, fail to comply with post-collision obligations, and cause serious bodily injury or death.

114.    Despite such knowledge, the City failed to take reasonable measures to correct these deficiencies.

115.    The City's customs, practices, failures to supervise, failures to investigate, failures to discipline, failures to monitor, and deliberate indifference were moving forces behind the constitutional violations suffered by Kahseem Bennings.

116.    As a direct and proximate result of the City's conduct, Kahseem Bennings suffered severe injuries resulting in death, and Plaintiff sustained the damages recoverable under federal and Pennsylvania law.

### COUNT III – WRONGFUL DEATH
#### (42 Pa.C.S. § 8301)
#### Against All Defendants

117.    Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

118.    As a direct and proximate result of the acts, omissions, conduct, customs, practices, policies, failures to supervise, failures to investigate, failures to discipline, and negligence described above, Kahseem Bennings sustained catastrophic injuries resulting in death.

119.    Kahseem Bennings's death was caused by the wrongful acts, neglect, carelessness, recklessness, and/or willful misconduct of Defendants.

120.    As a direct and proximate result of Kahseem Bennings' death, Plaintiff and the other statutory beneficiaries have suffered and will continue to suffer damages recoverable under

Pennsylvania's Wrongful Death Act, including but not limited to the loss of Kahseem Bennings' services, society, comfort, companionship, guidance, support, and contributions.

121. Plaintiff and the other statutory beneficiaries have incurred and will continue to incur funeral, burial, and related expenses as a result of Kahseem Bennings' death.

122. The damages sustained by Plaintiff and the other statutory beneficiaries were directly and proximately caused by Defendants' conduct.

### COUNT IV – SURVIVAL ACTION
### (42 Pa.C.S. § 8302)
### Against All Defendants

123. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

124. As a direct and proximate result of the acts, omissions, conduct, customs, practices, policies, failures to supervise, failures to investigate, failures to discipline, negligence, recklessness, deliberate indifference, and/or willful misconduct described herein, Kahseem Bennings sustained severe and ultimately fatal injuries.

125. Pursuant to Pennsylvania's Survival Act, all causes of action that accrued to Kahseem Bennings prior to death survived decedent's passing and are properly asserted by the Estate.

126. As a direct and proximate result of Defendants' conduct, the Estate has sustained damages recoverable under Pennsylvania law, including but not limited to Kahseem Bennings' loss of earnings, loss of earning capacity, medical expenses, funeral and burial expenses to the extent recoverable, and all other damages recoverable under the Pennsylvania Survival Act.

127. To the extent supported by the evidence developed through discovery, the Estate further seeks recovery for Kahseem Bennings' conscious pain and suffering, emotional distress, fear, apprehension, and loss of life's pleasures experienced prior to death.

16

128. The damages sustained by the Estate were directly and proximately caused by Defendants' conduct.

## COUNT V
## NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS, AND WILLFUL MISCONDUCT
### *(Against Officer Does and Supervisor Does)*

129. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

130. At all relevant times, Defendants Officer Does and Supervisor Does owed duties to Kahseem Bennings to exercise reasonable care in the operation of police vehicles, the initiation and continuation of vehicular pursuits, the use of emergency equipment, the protection of public safety, and the performance of their duties as police officers.

131. Defendants further owed duties to Kahseem Bennings to comply with applicable laws, regulations, policies, directives, and accepted police practices governing vehicular pursuits, emergency vehicle operations, collision response, reporting requirements, and officer conduct.

132. Defendants breached those duties through acts and omissions including, but not limited to:

   a) Initiating and/or continuing a dangerous vehicular pursuit under circumstances that created an unreasonable risk of serious bodily injury or death;
   b) Failing to exercise reasonable care in conducting the pursuit;
   c) Failing to activate sirens during all or part of the pursuit;
   d) Operating police vehicles in a manner that created a foreseeable risk of harm to the occupants of the pursued vehicle and others;
   e) Failing to properly assess the risks associated with the pursuit;
   f) Failing to comply with applicable pursuit-related directives, policies, and procedures;
   g) Failing to discontinue or modify the pursuit when circumstances required;
   h) Failing to render aid following the collision;
   i) Failing to secure the collision scene;
   j) Failing to preserve evidence relating to the collision and pursuit;
   k) Failing to identify themselves as officers involved in the pursuit;
   l) Failing to properly report, document, or disclose their involvement in the pursuit; and

m) Otherwise acting negligently, grossly negligently, recklessly, and/or with willful misconduct.

133. Defendants knew or should have known that their conduct created a substantial and foreseeable risk of serious bodily injury or death.

134. Defendants' conduct demonstrated a conscious disregard for the safety of Decedent and others.

135. Defendants' conduct constituted negligence, gross negligence, recklessness, and/or willful misconduct under Pennsylvania law.

136. As a direct and proximate result of Defendants' conduct, Decedent sustained catastrophic injuries resulting in death.

137. As a direct and proximate result of Defendants' conduct, Plaintiff and the Estate sustained the damages described herein.

## DAMAGES and PRAYER FOR RELIEF

138. As a direct and proximate result of Defendants' acts, omissions, conduct, customs, practices, failures to supervise, failures to investigate, failures to discipline, deliberate indifference, negligence, gross negligence, recklessness, and/or willful misconduct, Decedent sustained catastrophic injuries resulting in death.

139. As a direct and proximate result of Defendants' conduct, Plaintiffs and the Estate have sustained damages recoverable under federal law and the laws of the Commonwealth of Pennsylvania.

140. Plaintiffs and the statutory beneficiaries have suffered the loss of Decedent's society, comfort, companionship, guidance, support, services, assistance, and contributions and are entitled to recover all damages permitted under Pennsylvania's Wrongful Death Act.

141.    The Estate is entitled to recover all damages permitted under Pennsylvania's Survival Act, including but not limited to Decedent's lost earning capacity, medical expenses, funeral and burial expenses to the extent recoverable by law, and any other damages recoverable by the Estate.

142.    To the extent supported by the evidence developed through discovery, the Estate further seeks damages for Decedent's conscious pain and suffering, emotional distress, fear, apprehension, and loss of life's pleasures experienced prior to death.

143.    The conduct of the individual Defendants was intentional, reckless, malicious, willful, wanton, and demonstrated a conscious disregard for the rights and safety of Decedent, thereby entitling Plaintiff to an award of punitive damages against the individual Defendants.

144.    Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable provisions of law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants and award:

A. Compensatory damages in an amount to be determined by a jury;

B. Wrongful death damages recoverable pursuant to 42 Pa.C.S. § 8301;

C. Survival damages recoverable pursuant to 42 Pa.C.S. § 8302;

D. Damages for loss of society, comfort, companionship, guidance, support, services, and contributions;

E. Damages for lost earnings and loss of earning capacity;

F. Medical, funeral, burial, and related expenses recoverable by law;

G. Punitive damages against the individual Defendants;

H. Attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 1988 and other applicable provisions of law;

I. Pre-judgment interest, post-judgment interest, delay damages where permitted by law, and costs of suit; and

J. Such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted,

**VAN DER VEEN, HARTSHORN & LEVIN**

DATE: 6/25/2026                    BY:    */s/ Steven R> Bryson*
                                                        Michael T. van der Veen, Esquire
                                                        PA ID No. 75616
                                                        Steven R. Bryson, Esquire
                                                        PA ID No. 324942

                                                        1219 Spruce Street
                                                        Philadelphia, PA 19107
                                                        mtv@mtvlaw.com
                                                        sbryson@mtvlaw.com
                                                        P: (215) 546-1000
                                                        F: (215) 526-8529
                                                        *Attorneys for Plaintiff*